TAYLOR, Presiding Judge.
The appellant, Timothy Dale Leatherman, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to life imprisonment. The appellant presents two issues on appeal.
I
The appellant first contends that his statement to police should have been suppressed because, he says, he had requested an attorney before he made the statement and one was not supplied. The evidence tended to show that the appellant was arrested on the afternoon of July 4, 1994, by the Opelika Police Department for the robbery of a convenience store clerk in Lee County. The appellant was advised of his Miranda[1] rights, and he then made a brief statement in which he outlined his whereabouts on the date of the incident and denied involvement in the robbery. The appellant then requested an attorney and the interview was terminated. The appellant was “booked” and placed in jail that evening. The following morning, while the appellant was being fingerprinted, he indicated to the fingerprint technician that he wished to' speak with a detective to correct the statement he had made on the previous afternoon. A detective was called, the appellant was reread his Miranda rights, and he made an incriminating statement to the police.
The United States Supreme Court has set forth the following standards for determining the admissibility of confessions obtained after a request for an attorney has been made:
“ ‘[A]n accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police. ’ Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981). Thus, where a suspect is held in custody, he cannot be subjected to further interrogation after requesting an attorney, ‘unless the suspect himself initiated dialogue with the authorities.’ Wyrick v. Fields, 459 U.S. 42, 46, 103 S.Ct. 394, 395, 74 L.Ed.2d 214 (1982). However, ‘even if a conversation taking place after the accused has “expressed his desire to deal with the police only through counsel,” is initiated by the accused, where reinterrogation follows, the burden remains upon the prosecution to show that subsequent events indicated a waiver of the Fifth Amendment right to have counsel present during the interrogation.’ Oregon v. Bradshaw, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983).”
Herriman v. State, 504 So.2d 353, 359 (Ala.Cr.App.1987). (Emphasis supplied.) The record reveals that the appellant himself initiated the second interrogation with the police. Therefore, the statement was correctly received into evidence if the prosecution could show that the appellant’s waiver of his Miranda rights was voluntary.
“The question whether a confession is voluntary is initially to be determined by the trial court. Ex parte Singleton, 465 So.2d 443 (Ala.1985). Thereafter, the voluntariness, as affecting the credibility and weight to be given any statement that an accused has made, is a determination for the jury. Id.”
Ex parte Bankhead, 585 So.2d 112, 126 (Ala. 1991).
“In determining whether a confession is voluntary, the trial court’s finding of volun- *117 tariness need only be supported by a preponderance of the evidence. Seawright v. State, 479 So.2d 1362, 1367 (Ala.Cr.App.1985). The trial court’s decision will not be disturbed on appeal unless it is manifestly contrary to the great weight of the evidence. ‘The test for the voluntary nature of an extrajudicial confession or incul-patory statement is whether in light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.’ ”
Dixon v. State, 588 So.2d 903, 907 (Ala.1991). (Citations omitted.)
The trial court heard much testimony in considering the circumstances surrounding the appellant’s statement. The appellant testified that, while being escorted to the jail, he was harassed and physically abused by an investigating officer. He testified that he was denied his evening and morning meals and that he was forced to spend the night in the jail cell totally nude. The appellant also testified that, during the night, another individual was placed in the cell next to him. This individual continually urged the appellant to make a statement that would satisfy the police. The State responded to these allegations with the testimony of the three officers involved in the interrogation and booking of the appellant, of the jailer who took custody of the appellant, of the matron responsible for feeding the inmates, and of the fingerprint technician to whom the appellant initially expressed a desire to make a new statement. Each witness directly contradicted a portion of the appellant’s testimony, and the appellant could offer no evidence to corroborate his allegations. Based on these facts, we cannot say that the trial court’s finding of voluntariness was against “the great weight of the evidence.”
II
The appellant also contends that he was incorrectly sentenced as a habitual offender under § 13A-5-9 because he had been treated as a youthful offender on those prior offenses. The record, however, does not support the appellant’s contention.
First, the appellant’s sentence is within the range proscribed by statute for that offense. The appellant was convicted of a Class A felony and was sentenced to life imprisonment. The sentence range for Class A felony is 10 to 99 years, or life. § 13A-5-6(a)(l) Code of Alabama 1975.
Second, the record directly contradicts the appellant’s contention. During the sentencing hearing, the State offered evidence of previous convictions in North Carolina. The appellant explained that the convictions were probably youthful offender adjudications and should not be used to enhance his sentence under the Habitual Offender Act. The Court then responded: “Therefore, it’s a possibility it might not be admissible and it may well be, so I won’t consider it.” The trial court explicitly indicated that the prior convictions were not considered and that it was not sentencing the appellant as a habitual offender.
For the foregoing reasons, the appellant’s conviction and sentence are due to be affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).